# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JANET MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **1:10-cv-3556-AKK** |
| **MICHAEL J. ASTRUE,** ) | |
| **COMMISSIONER OF SOCIAL** ) | |
| **SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Plaintiff Janet Miller ("Plaintiff") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). In light of new evidence Plaintiff submitted to the Appeals Council and which the Appeals Council failed to properly review, this court finds that the Commissioner's decision is not supported by substantial evidence. Therefore, for the reasons elaborated herein, the Court will **REVERSE** and **REMAND** the decision denying benefits to the Administrative Law Judge ("ALJ") for the ALJ to consider the new evidence and to reach a disability

determination based on the total record.

## I. PROCEDURAL HISTORY

Plaintiff filed her application for Title XVI Supplemental Security Insurance ("SSI") on July 1, 2008, alleging a disability onset date of March 1, 1999. (R. 25, 118). Plaintiff alleges that she is unable to work because of restricted and painful movement of her "[a]rms, stomach, and chest resulted from fibrocystic surgery - muscles taken from abdomen resulted in hernia, must wear belt to keep intestines from protruding," (R. 161), and back pain, (R. 64). After the denial of her application on September 5, 2008, (R. 101), Plaintiff requested a hearing before the ALJ on September 16, 2008, (R. 106), which occurred almost a year later on June 22, 2009, (R. 55). At the time of the hearing, Plaintiff was 52 years old and had a GED. (R. 61). Her past relevant work included light and unskilled work as a fast food worker and day care worker. (R. 19, 62-63). Plaintiff has not engaged in substantial gainful activity since June 8, 2008. (R. 22).

The ALJ denied Plaintiff's claim on October 23, 2009. (R. 14). The denial became the final decision of the Commissioner when the Appeals Council denied review on November 5, 2010. (R. 1). Plaintiff then filed this action for judicial review pursuant to section 1631 of the Act, 42 U.S.C. § 1383(c)(3). Doc. 1.

## II. STANDARD OF REVIEW

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review

of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires the ALJ to undertake a five step analysis.  20 C.F.R. § 404.1520(a)-(f). Specifically, the ALJ must determine in sequence:

(1)   whether the claimant is currently unemployed;

(2)   whether the claimant has a severe impairment;

(3)   whether the impairment meets or equals one listed by the Secretary;

(4)   whether the claimant is unable to perform his or her past work; and

(5)   whether the claimant is unable to perform any work in the national

economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'"  *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, Plaintiff alleges disability because of pain, she must also satisfy the pain standard.  In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991).  Specifically, Plaintiff must meet the *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985), standard ("*Hand* standard"), which

> requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Id*.  However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective

>   medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find her disabled unless the ALJ properly discredits her testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

>   It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale v. Bowen*, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as

true the pain testimony of the plaintiff and render a finding of disability.  *Id*.

## IV.  THE ALJ's AND APPEALS COUNCIL'S DECISIONS

The court notes that, performing the five step analysis, initially, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset disability date of March 1, 1999, and therefore met Step One.  (R. 25).  Next, the ALJ acknowledged that Plaintiff's combination of severe impairments of "back pain; headaches; arthritis; hypertension and . . . post breast surgery" status met Step Two.  *Id*.  Having determined that Plaintiff met Step Two, the ALJ proceeded to the next step and found that Plaintiff did not satisfy Step Three since Plaintiff's impairments or combination thereof neither met nor equaled the requirements for any listed impairments.  (R. 25-26).  Although he answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four, which he also answered in the negative.  Specifically, the ALJ determined that Plaintiff

> retains the residual functional capacity to perform light work which allows her to sit or stand at her option, occasionally reach, bend or stoop and no overhead reaching, pushing or pulling of the upper extremities or driving.  She also requires a temperature controlled environment.

(R. 26).  Further, the ALJ determined that Plaintiff is, in fact, able to perform her past relevant work as a fast food worker.  *Id*.  Although the ALJ answered Step

Four in the negative, which leads to a determination that Plaintiff is not disabled, *see also McDaniel*, 800 F.2d at 1030, the ALJ went on to determine that

> Although [Plaintiff's] non exertional limitations do not allow her to perform a full range of light work, using Medical-Vocational Rule 202.11 as a frame-work for decision-making, there are other jobs existing in the national economy that she is also able to perform such as information clerk, cafeteria cashier, and ticket seller.
>
> [Plaintiff] is not disabled within the meaning of the Social Security Act, based on the framework of Rule 202.11 of Appendix 2, Subpart P, 20 CFR Part 404.

*Id*. Consequently, the ALJ denied Plaintiff's claim.

Thereafter, after subsequent visits to the doctor and obtaining additional medical evidence, Plaintiff requested a review of the ALJ's decision from the Appeals Council. The Appeals Council denied Plaintiff's request, stating that it

> considered the reasons [Plaintiff] disagree[s] with the decision as set forth in your representative's memorandum faxed on November 24, 2009 and the additional evidence listed on the enclosed Order of Appeals Council.
>
> We found that this [new] information does not provide a basis for changing the [ALJ's] decision.

(R. 1-2). Significant to the appeal before this court, the Order of the Appeals Council lists the following new evidence that it made a part of the record: Exhibit 8F, medical records from Dr. Samuel R. Bowen, II, ("Dr. Bowen") dated March 25, 2010, through April 29, 2010; and Exhibit 9F, medical records and pre-

operative diagnosis from St. Vincent Hospital, dated April 19, 2010.[1] (R. 4). Exhibits 8F and 9F contain Plaintiff's (1) March 25, 2010, MRI results that diagnose her with "moderate to severe left and moderate right neural foraminal stenosis at L4-5 and L5-S1 due primarily to severe facet [degenerative joint disease]," (R. 255), (2) Operative Report where Dr. Bowen performed a decompressive lumbar laminectomy and discectomy at L4-5 and L5-S1 on the right," (R. 258), and (3) post-operative treatment notes documenting continued pain, (R. 240, 251).

Plaintiff contends that this new evidence is relevant to her claim and supports her disability contention.  Therefore, she claims the Appeals Council committed reversible error when it failed to consider her new evidence. Moreover, she claims also that the ALJ erred when he failed to assign significant weight to the opinion of consulting physician, Dr. Morton Rickless ("Dr. Rickless").  The court will first address Plaintiff's assertion about the significance of Dr. Rickless' opinion and then will address Plaintiff's allegations about the new evidence.  For the reasons stated below, the court agrees with Plaintiff about the new evidence, but disagrees with her that the ALJ erred when he assigned little to

---

[1] Plaintiff obtained this evidence after the ALJ's October 23, 2009, non-disability determination.

no weight to Dr. Rickless' opinion.

## V.  ANALYSIS

A.  *The ALJ did not err in assigning "little to no weight" to Dr. Rickless' opinion or in assigning Plaintiff's RFC, in light of the evidence before him.*

The court disagrees with Plaintiff's contention that the ALJ erred in rejecting the opinion of consulting physician, Dr. Rickless, and failing to schedule a supplementary hearing on the "accuracy and veracity of Dr. Rickless' orthopedic examination." (R. 4-8). Dr. Rickless opined that Plaintiff "would have no limitation on sitting, standing, walking, handling objects, hearing, speaking or traveling. She could handle and carry light weight less than five pounds." (R. 215). Regarding Dr. Rickless' opinion, the ALJ stated

> [Plaintiff's] physician examination by Dr. Rickless was also within normal limits with the exception of some limited range of motion of the upper extremities due to scar tissue caused by breast and abdomen surgery. While Dr. Rickless opined that [Plaintiff] could lift and/or carry weights of less than five pounds, I have noted that Dr. Haung made no such restriction on [Plaintiff's] abilities, and [Plaintiff] has a more extensive treatment relationship with Dr. Huang. Further, [Plaintiff] reported that she could lift at least 20 pounds during her testimony. She also reported performing numerous household chores on a routine basis. These factors would suggest that [Plaintiff] is not as limited as Dr. Rickless' assessment indicates. For this reason, I have afforded little to no weight to his opinion in this regard, as I find it to be inconsistent with the evidence of the record as [a] whole and with his own diagnostic testing.

(R. 24).

The ALJ considers many factors when evaluating medical opinions, including the examining relationship, the treatment relationship, and whether the physician's opinion is supported by substantial evidence. *See* 20 C.F.R. §§ 404.1527(d), 416.927(d). The ALJ is required to give more weight to medical opinions that are supported by "medical signs and laboratory findings" and are consistent with the record as a whole. 20 C.F.R.§§ 404.1527 (d)(3)(ii)(3) and (4). Here, though, because Dr. Rickless was an examining physician, rather than a treating physician, the ALJ was not required to give his opinion significant weight. *See* 20 C.F.R. § 404.1527(d)(2). In light of the evidence before the ALJ, including Plaintiff's own testimony that she could lift "[t]wenty pounds or less" without having abdominal problems, (R. 70), the ALJ's decision to assign Dr. Rickless' opinion "little to no weight" is supported by substantial evidence. Therefore, the ALJ committed no error when he rejected Dr. Rickless' opinion or when he chose not to schedule a supplemental hearing regarding the accuracy of Dr. Rickless' opinion.

B. *The Commissioner's decision is not supported by substantial evidence because the Appeals Council erred in denying review without evaluating Plaintiff's new evidence.*

Turning next to Plaintiff's other contention of reversible error, the court notes that a claimant may present new evidence at each stage of the administrative

process.  *See* 20 C.F.R. §§ 404.900(b); *Ingram v. Comm'r*, 496 F.3d 1253, 1261 (11th Cir. 2007).  Here, after the ALJ's decision, Plaintiff supplemented the record by submitting subsequent medical opinion with her request to the Appeals Council for review.  Unfortunately, the record does not show that the Appeals Council fully considered the new evidence.  "When a claimant properly presents new evidence, and the Appeals Council denies review, the Appeals Council must show in its written denial that it has adequately evaluated the new evidence.  If the Appeals Council merely 'perfunctorily adhere[s]' to the ALJ's decision, the Commissioner's findings are not supported by substantial evidence and we must remand 'for a determination of [the claimant's] disability eligibility reached on the total record." *Flowers v. Comm'r*, No. 11-11321, 2011 WL 4509878, at *8 (11th Cir. Sept. 30, 2011), citing *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir. 1980) ("This failure [of the Appeals Council to adequately evaluate the new evidence] alone makes us unable to hold that the Secretary's findings are supported by substantial evidence and requires us to remand this case for a determination of [Plaintiff's] disability eligibility reached on the total record."); *see also Ingram*, 496 F.3d at 1267 ("Because we conclude that the district court erred by not reviewing the decision of the Appeals Council in light of [the new evidence], we reverse and remand for the district court to undertake that review in the first

instance.").

In light of the Appeals Council's failure to adequately evaluate Plaintiff's new evidence, the court must remand this matter to the ALJ to ensure that he bases his decision on the total record. Remand is especially warranted here since a reasonable possibility exists that Plaintiff's new evidence could change the ALJ's assessment of Plaintiff's pain testimony and RFC. As it relates to the pain standard, the ALJ found that the "objective medical evidence of record [ ] does not support the severity of symptoms which [Plaintiff] has alleged." (R. 23). In other words, the ALJ found that Plaintiff had neither objective medical evidence confirming the severity of the alleged pain nor an objectively determined medical condition that could reasonably be expected to give rise to the alleged pain. *Hand*, 761 F.2d at 1548. However, Plaintiff's new evidence, in particular, Dr. Bowen's treatment notes and Plaintiff's MRI results, addresses this issue and may require the ALJ to reevaluate Plaintiff's complaints of pain and the combined effects of her impairments.

The need to consider Dr. Bowen's treatment notes is particularly relevant here because the ALJ supported his findings by citing Plaintiff's visits to treating physician, Dr. Chona Huang ("Dr. Huang"), from September 2008 through May 2009, where Dr. Huang's physical examinations of Plaintiff were "unremarkable"

and "within normal limits." (R. 23). Further, the ALJ noted that Dr. Huang advised Plaintiff to treat her leg and back pain by wearing support stockings and placed no restrictions on Plaintiff's ability to stand or walk, *id*., all of which led the ALJ to find Plaintiff's complaints of pain not credible. However, the ALJ's finding overlooks that Dr. Huang's June 9, 2009, treatment notes state that he "explained to [patient] we don't do physical capacity exams." (R. 231). As a result, Dr. Huang opted not to evaluate Plaintiff for a disability determination. Therefore, it is incorrect to cite Dr. Huang for the contention that the medical record failed to support Plaintiff's complaints. Moreover, Dr. Huang treated Plaintiff's pain by prescribing Tramadol, (R. 198), an opioid analgesic used "for the management of moderate to moderately severe chronic pain in adults who require around-the-clock treatment of their pain for an extended period of time." PHYSICIANS' DESK REFERENCE 2886-88 (65th ed. 2011). In other words, Dr. Huang credited Plaintiff's pain complaints to some degree since he prescribed an opioid. Furthermore, Dr. Huang also referred Plaintiff to Dr. Bowen for further surgical evaluation of her back and leg pain. (R. 253). This referral alone suggests that Dr. Huang clearly found Plaintiff's pain complaints credible and, in any event, makes Dr. Bowen's assessment relevant to the disability determination. For this reason alone, remand is warranted to allow the ALJ to consider Dr.

Bowen's findings and ascertain what impact, if any, these findings have on the ALJ's disability determination.[2]

Remand is especially warranted here because the Appeals Council was privy to Plaintiff's medical records from Dr. Bowen and yet "perfunctorily" denied Plaintiff's request for review, (R. 1, 4), even though Plaintiff's March 25, 2010, MRI and Dr. Bowen's treatment notes provide objective medical evidence related to the severity of her alleged pain. This new evidence is relevant and should be included in the ALJ's evaluation of Plaintiff's pain testimony. Therefore, because the Appeals Council failed to evaluate the new evidence, remand is warranted to allow the ALJ to evaluate the Plaintiff's claim for disability based on the "total record." *See Epps*, 624 F.2d at 1273.

On remand, the ALJ is directed only to consider Dr. Bowen's treatment notes and Plaintiff's March 25, 2010, MRI results, and ascertain whether they

---

[2]The court notes that the ALJ's October 23, 2009, decision stated that Plaintiff's January 13, 2009, MRI "revealed no significant spinal stenosis and very mild disc bulges at the L4-5 and L5-S1 levels." (R. 23). However, on March 25, 2010, Plaintiff received an MRI that revealed "[m]oderate to severe left and moderate right neural foraminal stenosis at L4-5 and L5-S1 due primarily to severe facet [degenerative joint disease]. (R. 255). A month later, Dr. Bowen performed a decompressive lumbar laminectomy and discectomy at L4-5 and L5-S1to treat Plaintiff's spinal stenosis. (R. 258). Two days later, on April 21, 2010, Plaintiff called Dr. Bowen to report "pain in her hip and leg area." (R. 251). On April 29, 2010, Dr. Bowen reevaluated Plaintiff and noted that her "preoperative pain is not much better. Her [right] buttock and [right] let are constantly in pain. She cannot get comfortable and is taking pain meds every 4 hrs." (R. 240). On remand, the ALJ will have to ascertain if these findings by Dr. Bowen warrant a different conclusion on the ALJ's disability determination.

provide support for Plaintiff's testimony of pain and other symptoms that limit her daily activities. To the extent that this review causes the ALJ to revisit his findings as they relate to Dr. Rickless, the ALJ is obviously free to do so if he reaches that conclusion.

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Plaintiff is not disabled is not based on substantial evidence. Therefore, the Commissioner's final decision is **REVERSED** and **REMANDED** for the ALJ to make a disability determination based on the total record. A separate order in accordance with the memorandum of decision will be entered.

Done the 22nd day of December, 2011.

_____
ABDUL K. KALLON
UNITED STATES DISTRICT JUDGE